IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PURCELLE HARRIS | : | CIVIL ACTION |
| v. | : | |
| JOHN DELANEY, WARDEN, et al. | : | NO. 12-5874 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                          January 8, 2013
United States Magistrate Judge

      Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 3). For the reasons stated below, this court recommends that the petition be dismissed without prejudice for failure to exhaust state court remedies.

**I.     BACKGROUND**

      Petitioner is scheduled to be tried on January 22, 2013 in the Philadelphia Court of Common Pleas for robbery and related offenses. (C.P. No. 51-cr-0005528-2011). On November 6, 2012, petitioner filed this Petition for Writ of Habeas Corpus, alleging that the Commonwealth violated his speedy trial rights by delaying the scheduling of his trial. On January 4, 2013, the District Attorney for Philadelphia County responded to the petition (Doc. 10), arguing that the petition should be dismissed for failure to exhaust state court remedies.

**II.     DISCUSSION**

      It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 847 (1999); Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1230 (3d

1

Cir. 1992).[1]  The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. See Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law . . . as to claims brought under 28 U.S.C. § 2241.") (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973) cert. denied, 480 U.S. 938 (1987)); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975) (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned"). "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992). To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). "This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989), cert. denied, 493 U.S. 1036 (1990) (internal citation omitted).

---

1.        On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. The Third Circuit has recognized the validity of this order and no longer requires that a petition for allocatur be filed in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004), cert. denied, 544 U.S. 1063 (2005).

Generally, a federal court may not intervene in pending state criminal proceedings prior to a judgment of conviction by a state court. Evans, 959 F.2d at 1234. The Third Circuit explained as follows:

> It is an underlying principle of federal habeas corpus law ever since the decision in Ex Parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). The rule barring pretrial intervention into pending state criminal proceedings by way of federal habeas corpus or otherwise is premised on the notion of comity, a principle of deference and "proper respect" for state governmental functions in our federal system. See Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).
>
> In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings. Indeed, the holding in Younger that a federal court may not ordinarily enjoin a state criminal proceeding, even when the state court action may be based on an unconstitutional statute, presumes that state courts should be "left free to perform their separate functions in their separate ways." Id.

Id. See also Braden, 410 U.S. at 508 (federal habeas corpus should not be used as a "pretrial-motion forum for state prisoners") (Rehnquist, J., dissenting).

Petitioner's only claim is that he was denied his federal right to a speedy trial under the Sixth Amendment. Petitioner has not exhausted this federal claim in the state courts. While he raised a state law claim in the state courts, based on Pa. R. Crim. P. 600, he did not raise a federal constitutional claim in the state appellate courts as he must to satisfy the exhaustion requirement.

In his federal petition filed on November 6, 2012, petitioner seeks an "order that petitioner's trial be conducted immediately (within two (2) weeks) or alternatively dismiss the

charges with prejudice." (Petition at 7, ¶ 8.) Petitioner's trial is scheduled for January 22, 2013. Therefore, the relief petitioner seeks here has been substantially granted by the state courts, although the trial will be a little later than he requested. Moreover, petitioner has not raised any of his federal claims in the state appellate courts. Therefore, the claims are plainly unexhausted and there are no special circumstances that would justify dispensing with the exhaustion requirement.

For all the above reasons, this court finds that petitioner has failed to exhaust his state court remedies and has failed to show any special circumstances to depart from the general rule precluding pretrial habeas corpus review. Accordingly, the court makes the following:

**R E C O M M E N D A T I O N**

AND NOW, this 8th day of January, 2013, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies, and that no certificate of appealability ("COA") be granted.[2]

Petitioner may file objections to this Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

2. The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).